## UNITED STATES BANKRUPTCY COURT FOR
## THE WESTERN DISTRICT OF WISCONSIN

**In Re:**

**TAMMY HASS**

        **Debtor.**

**In Bankruptcy No:**

**Case No: 22-10843 (Chapter 13)**

## ORDER RELEASING AND REMOVING VARIOUS LIENS, TAX LIENS, JUDGMENT LIENS, MORTGAGES, LIS PENDENS AND OTHER CLAIMS AGAINST CERTAIN PROPERTY OWNED BY THE ABOVE-NAMED ENTITY TO ALLOW THE SALE OF REAL ESTATE FREE AND CLEAR OF ALL LIENS PURSUANT TO SECTIONS 363(b), 363(f) and 522(f) OF THE BANKRUPTCY CODE

The above-named matter having come on before the Court pursuant to a Motion for the sale of real estate, pursuant to sections 363(b), 363(f) and 522(f) of the Bankruptcy Code, free and clear of liens and the Notice of Motion, Motion were all attached and served on all parties as set forth in the Affidavit of Mailing in the said Chapter 13 Proceedings and no Objections having been filed by any creditor or any other person of interest and based upon all the papers and records on file, and upon Motion of Greg P. Pittman, attorney for the Debtor,

**IT IS ORDERED AS FOLLOWS:**

1.      The sale and transfer of the homestead real estate as set forth in the Offer to Purchase to Marcus and Kate Klug is approved in full.

1

2. Real Estate Legal Description: (3012/3014 Willow Drive, La Crosse, WI 54601):

Lot 19 and the North 20 feet of the West 60 feet of Lot 18 of Cliffside Park Addition to the Town of Shelby, now in the City of La Crosse, La Crosse County, Wisconsin. Parcel ID – 17-50198-080 (for informational purposes only)

3. The liens, claims, judgments, mortgages, chattel mortgages, land contracts, lis pendens, taxes, and other claims of whatsoever nature against the property that are set forth in Exhibit #1 (attached to this Order) are hereby removed, released and terminated from the property as set forth above to allow the sale and transfer of the said property free and clear of liens and encumbrances with liens to attach to the proceeds of the sale based upon priority of lien.

4. The proceeds from the sale of real estate shall be distributed as follows:

    a. Closing costs relating to the sale of property including title policy, transfer fees, recording fees, real estate commissions, surveying costs, attorneys fees and disbursements for Greg P. Pittman not to exceed $2,500.00 relating to the sale of the property or any other miscellaneous closing costs to complete the transaction.

    b. Payment of any and all delinquent or accrued real estate taxes that are not covered by the buyer in the Offer to Purchase.

    c. The net sale proceeds shall be paid in priority of the liens against the property. First, PennyMac shall be paid in full. Second, the (2) mortgages held by Housing and Urban Development shall be paid in full. Third, the Debtor claims the homestead exemption pursuant to WI Stat 815.20 in an amount not to exceed $75,000.00. If additional proceeds are available after payment of the Debtor's homestead exemption, those funds will be placed in the Pittman &

2

Pittman Law Offices, LLC Trust Account and held until a further court order approving disbursement of those funds.

d. The judgment liens held by MCHS – Franciscan Healthcare and 1st Community Credit Union are hereby avoided pursuant to Bankruptcy Code 522(f).

5. Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived so that the Order approving the sale is final and not subject to a 14 day stay so that the Debtor is not subject to any additional interest accrual, real estate tax accrual and the potential for more costs/fees.

###

 **CHICAGO TITLE INSURANCE COMPANY**

### SCHEDULE B, PART I—Requirements

All of the following Requirements must be met:

1. The Proposed Insured must notify the Company in writing of the name of any party not referred to in this Commitment who will obtain an interest in the Land or who will make a loan on the Land. The Company may then make additional Requirements or Exceptions.

2. Pay the agreed amount for the estate or interest to be insured.

3. Pay the premiums, fees, and charges for the Policy to the Company.

4. Documents satisfactory to the Company that convey the Title or create the Mortgage to be insured, or both, must be properly authorized, executed, delivered, and recorded in the Public Records.

5. Payment of all taxes, assessments, levied and assessed against subject premises, which are due and payable.

6. Satisfactory evidence shall be produced that all improvements and/or repairs or alterations thereto are completed; that contractor, subcontractor, labor and materialmen are all paid in full.

7. Proper satisfaction of those matters shown in Schedule B, Section 2, if any.

8. Copy of properly executed Owner's Affidavit as to construction liens.

9. A petition for bankruptcy was filed in United States Bankruptcy Court for the Western District of the State of Wisconsin by Tammy A. Hass, Debtor(s), in Case No. 1-22-10843-cjf. The Company requires copies of the docket sheet, petition with schedules and other satisfactory final nonappealable orders, plans or documents in the bankruptcy proceedings authorizing the contemplated transaction. At the time the Company is furnished these items, the Company may make additional requirements or exceptions.

10. Deed executed from Tammy A. Hass, debtor in possession in Case No. 1-22-10843-cjf, United States Bankruptcy Court, Western District, State of Wisconsin to Marcus Klug and Kate Klug.

    The proposed Deed should either designate the subject premises as non-homestead, identify Grantor as single, or be joined in by the spouse and have their marital status typed thereon.

    The Company requires receipt of written consent by the Chapter 13 Trustee and the Bankruptcy Court to the proposed conveyance to be insured.

11. Mortgage executed by Marcus Klug and Kate Klug to State Bank Financial.

    The proposed Mortgage should either designate the subject premises as non-homestead, identify Grantor as single, or be joined in by the spouse and have their marital status typed thereon, unless this is a "Purchase Money Mortgage."

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by Chicago Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and Schedule B, Part II—Exceptions, and a counter-signature by the Company or its issuing agent that may be in electronic form*

72C170B4800                                                         ALTA Commitment for Title Insurance (7-1-21) w-WI Mod

**Copyright 2021 American Land Title Association. All rights reserved.**

The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN
LAND TITLE
ASSOCIATION



EXHIBIT
1

 **CHICAGO TITLE INSURANCE COMPANY**

> **NOTE:** Exception 5 of Schedule B-II will be removed only if the Company receives a Construction Work and Tenants Affidavit on a form prepared by the Company. If the affidavit shows that there are tenants, Exception 5 will be replaced by an exception for the rights of the tenants disclosed by the Affidavit.

6. Any encroachment, boundary line overlap, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land title survey of the Land.

7. Easements or claims of easements not shown by the Public Records.

8. Any claim of adverse possession or prescriptive easement.

> **NOTE:** Exceptions 6, 7, and 8 of Schedule B-II will be removed only if the Company receives an original survey which (i) has a current date, (ii) is satisfactory to the Company, and (iii) complies with current ALTA/NSPS Minimum Survey Standards or Wisconsin Administrative Code Chapter AE-7 together with the certification agreed on between the Wisconsin Land Title Association and the Wisconsin Society of Land Surveyors on April 1, 1974. If the survey shows matters, which affect the title to the property, Exceptions 6, 7 and 8 will be replaced by exceptions describing those matters.

9. General taxes for the year 2022 and thereafter.

10. Rights of the public in any portion of the subject premises lying within the limits of public roads and public rights of way.

11. This commitment and our policy, when issued, should not be construed so as to insure the subject land contains any particular acreage.

12. Mortgage executed by Timothy A Hass and Tammy A Hass; husband and wife to River Bank, dated June 24, 2015, and recorded on June 26, 2015, as Document No. 1658667, securing the principal sum of $90,000.00.

13. Judgment filed against Timothy A Hass and Tammy A Hass at the address of 3012 Willow Drive, La Crosse, WI 54601 US, in favor of Lebakkens Inc of Wisconsin DBA Lebakkens RTO, Case No. 2017SC000011, and docketed on February 3, 2017, in the principal sum of $503.24.

14. Judgment filed against Timothy Hass and Tammy Hass at the address of 3012 Willow St., La Crosse, WI 54601, in favor of Jerome O. Shepard, Case No. 2016SC000022, and docketed on January 19, 2018, in the principal sum of $10,098.50.

15. Judgment filed against Timothy A. HASS at the address of 3012 WILLOW DRIVE, La Crosse, WI 54601 US, in favor of CINDY AND PAUL SOLIS, Case No. 2017SC001689, and docketed on June 8, 2018, in the principal sum of $6,392.87. (Attorney David Pierce, Jr.)

16. Judgment filed against Tammy Hass at the address of 3012 Willow Dr, La Crosse, WI 54601-7710 US, in favor of LVNV Funding LLC, Case No. 2019SC000409, and docketed on March 27, 2019, in the principal sum of $845.97. (Attorney Gina Ziegelbauer)

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by Chicago Title Insurance Company This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A, Schedule B, Part I—Requirements; and Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

72C170B4800                                                               ALTA Commitment for Title Insurance (7-1-21) w-WI Mod

Copyright 2021 American Land Title Association. All rights reserved.

The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use All other uses are prohibited. Reprinted under license from the American Land Title Association.



 **CHICAGO TITLE INSURANCE COMPANY**

17. Judgment filed against Tammy Hass at the address of 3012 Willow Dr, La Crosse, WI 54601 US and Timothy Hass at the address of 1928 Jackson St, La Crosse, WI 54601, in favor of Great River Orthodontics, Case No. 2019SC000476, and docketed on April 2, 2019, in the principal sum of $314.63. (Attorney Steven Patrick Doyle)

18. Judgment filed against Tammy Hass at the address of 3012 Willow Dr, La Crosse, WI 54601 US and Timothy Hass at the address of 1928 Jackson St, La Crosse, WI 54601, in favor of Gundersen Health System - Orthodontics, Case No. 2019SC000476, and docketed on April 2, 2019, in the principal sum of $3,769.63. (Attorney Steven Patrick Doyle)

19. Judgment filed against Tammy Hass at the address of 3012 Willow Dr, La Crosse, WI 54601 US and Timothy Hass at the address of 1928 Jackson St, La Crosse, WI 54601, in favor of Hillside Animal Hospital, Case No. 2019SC000476, and docketed on April 2, 2019, in the principal sum of $1,600.14. (Attorney Steven Patrick Doyle)

20. Judgment filed against Tammy Hass at the address of 3012 Willow Dr, La Crosse, WI 54601 US and Timothy Hass at the address of 1928 Jackson St, La Crosse, WI 54601, in favor of Southwest Sanitation LLC, Case No. 2019SC000476, and docketed on April 2, 2019, in the principal sum of $171.55. (Attorney Steven Patrick Doyle)

21. Judgment filed against TAMMY HASS at the address of 3012 WILLOW DR, La Crosse, WI 54601 US, in favor of MIDLAND CREDIT MANAGEMENT, INC., Case No. 2020SC000517, and docketed on July 23, 2020, in the principal sum of $2,175.43. (Attorney Kirk R. Emick)

22. Judgment filed against Tammy Ann Hass at the address of 3012 Willow Drive, La Crosse, WI 54601, in favor of Law Office of Ann I Brandau S.C., Case No. 2018FA000216, and docketed on February 5, 2021, in the principal sum of $1,240.00.

23. 2022 taxes in the amount of $4,331.71, which are DELINQUENT AND SUBJECT TO PENALTY AND INTEREST.

24. 2023 taxes in the amount of $4,516.42, which are DELINQUENT AND SUBJECT TO PENALTY AND INTEREST.

25. 2024 taxes in the amount of $4,735.50, which are DELINQUENT AND SUBJECT TO PENALTY AND INTEREST.

26. 2025 taxes in the amount of $6,111.08, which are DELINQUENT AND SUBJECT TO PENALTY AND INTEREST.

There are no outstanding Special Assessments.

The covered premises are subject to sewer, water and storm water utility charges.

Bankruptcy proceedings commenced on May 24, 2022, in the United States Bankruptcy Court for the Western District of the State of Wisconsin, Case No. 1-22-10843-cjf, naming Tammy A Hass as Debtor. (Attorney Greg P. Pittman)

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by Chicago Title Insurance Company This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions, Schedule A, Schedule B, Part I—Requirements, and Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form*

72C170B4800                                                                          ALTA Commitment for Title Insurance (7-1-21) w-WI Mod

**Copyright 2021 American Land Title Association. All rights reserved.**

The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

