**U.S. Bankruptcy Court**

**Western District of Wisconsin**

**OBJECTION TO MOTION TO SELL FREE AND CLEAR OF ALL LIENS DOC # 59**

**OBJECTION TO PROPOSED ORDER DOC# 60**

**OBJECTION TO AMMEND DEBTORS CLAIMED EXEMPTION  Doc# 61**

**Bankruptcy case 1-22-10843-cjf**

1. I Object to the effort to Increase the Debtors Exemption Claimed at Plan Confirmation

2. I Object to Post Closing Occupancy payment of $3350 from Sale Proceeds.

3  I Object to the Proposed Order that does not Pay Judicial Liens at Closing

3. This is a "Bad Faith" attempt to protect assets which should be available for creditors.

4. The Debtor has not demonstrated a "Good Faith" effort to follow the Confirmed Plan or follow the intent of the bankruptcy process .

5. The Debtor has been in Default of the plan since the first quarter of 2023.

6. The Debtor is in Default of the Confirmed Plan as follows:
Schedule J, pages 38 and 39 Doc# 1 and amended on 9-22-2022 show a claimed Expenditure of   $330 for Real Estate Taxes and $75 for Water and Sewer per month ($405 total). Page 2 Doc# 34 states Debtor will pay Real Estate Taxes outside of the Plan. Those payments were not made for 4 tax years, 2022 ,2023 ,2024 and 2025. Water and Sewer bills are added to delinquent taxes when not paid.  With interest charges, this continuous failure to follow the plan has resulted in reducing the value of the Estate by $25,693 to date.   Not paying Real Estate taxes except by using the equity in the Estate seems to have been the practice of the Debtor for 10 years. $25,693 is greater than the sum ($22,212.37) of all the Judicial Liens listed on the preliminary Closing statement. They Should be paid and satisfactions filed, rather than stripped or terminated.

FILED/REC'D
8:00 AM

MAY 2 2 2026

CLERK
U.S. BANKRUPTCY COURT

7. Both the Standing Trustee and the Creditor have Standing to move to have the Bankruptcy Case Terminated. At This time, that would probably not benefit either the Creditor or the Debtor, It should have been addressed 3 and ½ years ago.

8. Doc # 61, Amendment of Schedules to Increase Debtors claimed Exemption from the amount in the confirmed plan of $59,105.89 is prejudicial to Creditors.

9. The Fact that the Debtor has not Paid Real Estate taxes for 4 tax years as required Should preclude justifying increasing the claimed Exemption. The Default of the Chapter 13 plan by the Debtor is devaluing the Estate by over $660 per month. It would best serve the Creditors if the sale could proceed quickly. This would stop the Interest on Back Taxes and more closely follow the intent of the Bankruptcy law. If the Debtor had sold the Property in October 2025 as negotiated and acknowledged in the Confirmed plan, Over $5000 in additional proceeds would be available. The Delay Tactics are beginning to look intentional. If the increase in the Exemption and the post-closing payment from the Estate were denied, over $21,000 would be available to satisfy most Judicial Liens. The Debtor Should not be Rewarded for efforts to abuse the system so Creditors are not paid.

Proposed Order Doc# 60 Bankruptcy case #1-22-10843-cjf

1. The Proposed Order Does Not Follow the Criteria set forth in
The Motion to Sell, Doc#59 for the distributions of the proceeds of the sale., Doc#60 Page 2, line 4 C.
This Proposed Order Does Not address the Payment of the Judicial Liens at Closing to the extent that they do not impair the Debtors claimed Exemption. It places any available funds for payment to Judicial lien holders in the Pittman and Pittman LLC Trust account for later order of the Court. It Strips, terminates them rather than paying them with any available proceeds above the Debtor's claimed Exemption at Plan Confirmation.

2. The Trustee has the Duty to protect the Value of Estate for the Creditors. I ask the Standing Trustee, Mark Harring to Reject the Late Efforts of the Debtor's Attorney to increase the Debtor's Exemption Claimed as

Amended Doc 34, 35 and 36. The amount of the Exemption Claimed in the Amended, Confirmed Plan, is $ 59,105,89.

3. The Proposed Order lists 2 new Payee's not listed on the list of Creditors, (PennyMac and 2 Mortgages held by Housing and Urban Development). These Payees are not listed on the Preliminary Closing Statement, Doc#59. River Bank is Not listed in the Order.

4. I OBJECT TO THE MOTION, the Proposed Order and the Amendment AND REQUEST A HEARING.

Jerome O. Shepard N3661 Lincoln Ct, Stoddard, WI 54658      608-498-2372 jshep000@gmail.com      Creditor