FILED/REC'D
8:00 AM

JUL 15 2026
CLERK
U.S. BANKRUPTCY COURT

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

**TAMMY A. HASS,**

      *Debtor.*

Main Case No. 22-10843

(Chapter 13)
Hon. Catherine J. Furay

---

**PAUL SOLIS and CINDY LEUCK
(f/k/a CINDY SOLIS),**

      *Plaintiffs,*

Adversary Proceeding No.

v.

**TAMMY A. HASS,**

      *Defendant.*

*(To be assigned upon filing)*

---

# COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
# PURSUANT TO 11 U.S.C. § 523(a)(3)

## I. NATURE OF THE ACTION

1. This is an adversary proceeding to determine that a debt owed to Plaintiffs is excepted from discharge under 11 U.S.C. § 523(a)(3) because the Defendant failed to list or schedule the debt, and Plaintiffs had no notice or actual knowledge of the bankruptcy case in time to file a proof of claim.

2. Plaintiffs hold a La Crosse County judgment against the Defendant. Although the Defendant disclosed the existence of the judgment in her Statement of Financial Affairs, she did not list Plaintiffs on Schedule E/F or include them on the creditor mailing matrix. As a result, Plaintiffs received no notice of the filing, the meeting of creditors, or the deadline to file a proof of claim, and first learned of the bankruptcy nearly four years after it was filed.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts). Plaintiffs consent to the entry of the final orders or judgment by the Bankruptcy Court.

5. Venue is proper under 28 U.S.C. § 1409(a).

6. This proceeding is commenced under Federal Rule of Bankruptcy Procedure 7001(6).

## III. PARTIES

7. **Plaintiff Paul Solis** is an individual residing at N3819 County Road J, Rockland, Wisconsin 54653.

8. **Plaintiff Cindy Leuck (f/k/a Cindy Solis)** is an individual and co-holder of the judgment that is the subject of this Complaint. 710 Wagon Drive, West Salem, Wisconsin 54669.

**9. Defendant Tammy A. Hass** is the debtor in Chapter 13 Case No. 22-10843, filed May 24, 2022, in this District.

---

## IV. FACTUAL ALLEGATIONS

### A. The Debt

**10.** On April 25, 2018, the La Crosse County Circuit Court entered a money judgment in Case No. 2017SC001689 in favor of Cindy and Paul Solis and against Tammy Hass and Timothy Hass. The judgment was docketed on June 8, 2018, in the total amount of $6,392.87. (A true and correct copy of the La Crosse County Circuit Court record of the judgment is attached as Exhibit 1.)

**11.** The judgment remains unsatisfied. Post-judgment interest has accrued under Wis. Stat. § 815.05(8) from the date of docketing. As of May 2026, the combined accrued balance owed to Plaintiffs is $9,231.74.

### B. The Defendant Knew of the Debt

**12.** On May 24, 2022, the Defendant filed her voluntary Chapter 13 petition (Doc #1), prepared and filed by her attorney.

**13.** In her Statement of Financial Affairs (Official Form 107), the Defendant disclosed the existence of Plaintiffs' lawsuit, identifying it by name and case number: "Cindy And Paul Solis vs TAMMY HASS, TIMOTHY HASS, 17SC001689." The Defendant therefore had actual knowledge of Plaintiffs and their claim at the time she filed her petition. (A true and correct copy of the relevant pages of the Statement of Financial Affairs, Doc #1 at pages 43–45, is attached as Exhibit 2.)

### C. The Defendant Failed to List or Schedule the Debt

**14.** Despite disclosing the lawsuit in her Statement of Financial Affairs, the Defendant did not list Plaintiffs or their claim on Schedule E/F (Creditors Who Have Unsecured Claims), as required by 11 U.S.C. § 521(a)(1) and Fed. R. Bankr. P. 1007. (True and correct copies of the judgment-creditor pages of Schedule E/F, Doc #1 at pages 20–32, are attached as Exhibit 3.)

**15.** The Defendant also did not include Plaintiffs on the creditor mailing matrix filed with the petition and verified by the Defendant on May 23, 2022. The mailing matrix is the list the Court uses to provide creditors with notice of the case and its deadlines.

(True and correct copies of the creditor mailing matrix and the Debtor's Verification of Creditor Matrix, Doc #1 at pages 55–58, are attached as Exhibit 4.)

16. A disclosure in the Statement of Financial Affairs is not a substitute for listing a creditor on Schedule E/F and the mailing matrix. The Statement of Financial Affairs is a record of past lawsuits and financial events; it does not generate creditor-matrix entries and does not cause the Court to send notice to the creditor. By omitting Plaintiffs from Schedule E/F and the matrix, the Defendant failed to list or schedule the debt within the meaning of 11 U.S.C. § 523(a)(3).

17. By contrast, every other judgment creditor against the Defendant was both listed on Schedule E/F and included on the creditor mailing matrix, including Lebakkens RTO (Case No. 2017SC000011), Jerome Shepard (Case No. 2016SC000022), and LVNV Funding LLC (Case No. 2019SC000409). Each of those creditors received notice of the case. Plaintiffs were the only judgment creditors omitted from Schedule E/F and the mailing matrix.

**D. Plaintiffs Received No Notice or Actual Knowledge in Time to File a Claim**

18. Because Plaintiffs were omitted from Schedule E/F and the mailing matrix, the Court never sent them notice of the bankruptcy filing, the meeting of creditors under 11 U.S.C. § 341, or the deadline to file a proof of claim.

19. Plaintiffs had no notice or actual knowledge of the bankruptcy case until May 2026 — nearly four years after the petition was filed — when they were contacted by a title company in connection with a sale of the Defendant's real estate.

20. By the time Plaintiffs learned of the case, the deadline to file a proof of claim had long since passed. Plaintiffs were deprived of any opportunity to file a timely proof of claim or otherwise participate in the case.

## V. CLAIM FOR RELIEF

### Non-Dischargeability Under 11 U.S.C. § 523(a)(3)

21. Plaintiffs incorporate paragraphs 1 through 20 as though fully set forth herein.

22. Section 523(a)(3)(A) excepts from discharge any debt that was "neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ... the timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing."

23. The debt was neither listed nor scheduled. The Defendant omitted Plaintiffs from Schedule E/F and the creditor mailing matrix, and the disclosure in the Statement of Financial Affairs does not satisfy the statute.

24. The Defendant knew the name of the creditor. She identified Plaintiffs by name and case number in her own Statement of Financial Affairs.

25. Plaintiffs had no notice or actual knowledge of the case in time to file a timely proof of claim, having first learned of the bankruptcy in May 2026, after the claims deadline had passed.

26. The debt is not of a kind described in 11 U.S.C. § 523(a)(2), (4), or (6); it is an ordinary money judgment.

27. Each element of 11 U.S.C. § 523(a)(3)(A) is therefore satisfied, and the debt is excepted from discharge.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:
- Determine and declare that the debt owed by the Defendant to Plaintiffs under La Crosse County judgment No. 2017SC001689 is excepted from discharge pursuant to 11 U.S.C. § 523(a)(3);
- Declare that any discharge entered in Case No. 22-10843 does not discharge that debt;
- Award Plaintiffs their costs of this proceeding; and
- Grant such other and further relief as the Court deems just.

## VERIFICATION

I, Paul Solis, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the factual allegations are true and correct to the best of my knowledge, information, and belief.

Date: 7/9/26

**Paul Solis, Plaintiff (Pro Se)**
N3819 County Road J
Rockland, Wisconsin 54653

paulsoliskinetics@gmail.com  |
608-792-9806

I, Cindy Leuck (f/k/a Cindy Solis), declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the factual allegations are true and correct to the best of my knowledge, information, and belief.

Date: 7-9-26

**Cindy Leuck (f/k/a Cindy Solis), Plaintiff (Pro Se)**
710 Wagon Drive
West Salem, Wisconsin 54669

cindymleuck@gmail.com
608-487-6317